MASON v. METROPOLITAN ST. RY. CO.

CORNELL v. SAME.

(Supreme Court, Appellate Term. December 28, 1899.)

STREET RAILROADS—COLLISION—NEGLIGENCE.

Where the driver of a loaded covered truck cut in on a street-car track, 45 to 50 feet in front of an advancing car, coming at full speed, he could not recover for injuries caused by a collision; it not appearing that the motorman was apprised of his intention to cross, or that the car could have been stopped within that distance.

Appeal from municipal court, borough of Manhattan, First district.

Actions by Otis F. Mason and by Thomas L. Cornell against the Metropolitan Street-Railway Company. From judgments for plaintiffs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Henry A. Robinson, for appellant.
Robert C. McCormick, for respondents.

MacLEAN, J. The plaintiffs brought these actions to recover damages,—the one for injuries to person, and the other to property, —and by stipulation they were tried together. Plaintiff Mason, in the employ of plaintiff Cornell, was driving a loaded, covered truck down the west side of Sixth avenue, between the line of elevated pillars and the sidewalk. He had with him a helper, on the back of the truck, one of whose duties, as the driver himself testified, was to notify motormen of following cars when he desired to cross their path. Arriving midway between Fourteenth and Fifteenth streets, the driver, because of other wagons in his path, started in upon defendant's west roadway. Before starting in, he looked, and saw a south-bound car at about Fifteenth street, and, though pressed, could give no estimate of the distance intervening, nor did he testify whether the car was then in motion or stationary. As he testified, his "horse was straight on the track going south" when the car struck the left rear wheel of his wagon, doing the injuries complained of. The helper, at the time sitting on the back of the truck, and directly facing the approaching car, testified upon his direct examination that when he first saw the car it was at Fifteenth street, coming at full speed, whatever that might be; that when the wagon turned he thought the car was about 75 feet away; and that he then waved his hand to the motorman. Upon cross examination he testified that they were proceeding south nearer the curb than the tracks, being about 10 feet distant from the latter; that when he first saw the car it was 75 feet away, and that the horse and wagon continued south, on a walk, for a distance of 10 feet, before the driver started to turn east across the track; that after driving those 10 feet the car was then 45 to 50 feet away; and that at that time he first made motion to the motorman, and at the same time spoke to the driver. It nowhere appears that the motorman was in any way apprised of the driver's intention to cross his course

until he was within 45 to 50 feet of the wagon. No evidence was offered to show that the car could have been stopped within that distance, but, rather, the contrary appears, and that affirmatively. "Cutting in," under the circumstances of this case, clearly evinced experiment, and so fault on the part of the plaintiff sufficient to hinder recovery for defendant's negligence, if any there was. Hamilton v. Railroad Co., 6 Misc. Rep. 382, 26 N. Y. Supp. 754. The judgments should therefore be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event in each case.

FREEDMAN, P. J., concurring. LEVENTRITT, J., taking no part.